# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| RICHARD ANGELO MCFEE, | Case No. 18-CV-3402 (MJD/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| WARDEN BURKHURST, CAPTAIN MILLER, AGENT GRIMSLEY, INVESTIGATOR FAIRLEY, and CASE MANAGER ORON, | |
| Defendants. | |

Plaintiff Richard Angelo McFee has filed a Notice of Appeal (Dkt. No. 11) challenging this action's dismissal, but he has not paid the filing fee for this appeal. Instead, he has filed a Motion and Affidavit for Permission to Appeal In Forma Pauperis (Dkt. No. 12) (IFP Application). The IFP Application is now before the Court and must be addressed before any other action is taken in this appeal.

Because McFee is a prisoner, the IFP Application is subject to the requirements of 28 U.S.C. § 1915(b). This statute provides that:

> (1) Notwithstanding subsection (a), if a prisoner . . . files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
> (A) the average monthly deposits to the prisoner's account; or

(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . .

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

(3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . . .

(4) In no event shall a prisoner be prohibited from . . . appealing a civil . . . judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

According to this statute—part of the Prison Litigation Reform Act (PLRA)—prisoners who are granted IFP status are *not* excused from paying the appellate filing fee altogether, as is the case for nonprisoner IFP litigants. Instead, a prisoner granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time.") (citing *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997)). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of an appeal, and § 1915(b)(2)

requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In this case, the materials accompanying the IFP Application show that the amount of McFee's average monthly deposits during the preceding six-month period was $219.10, while his average balance during the same period was $30.00. *See* Certificate of Authorized Prison Official (Dkt. No. 12-1). Because the deposits amount exceeds the balance amount, McFee's initial partial filing fee for this appeal, under the formula prescribed by 28 U.S.C. § 1915(b)(1), will be 20 percent of the average deposits amount, or $43.82. This appeal will not go forward until McFee's initial partial filing fee of $43.82 has been paid in full. If McFee elects to pursue this action through payment of the $43.82 initial partial filing fee, *the entirety of the remaining balance of the $505.00 appellate filing fee will have to be paid in later installments*. Prison officials will be ordered to deduct funds from McFee's trust account and submit such funds to the Court, as provided by § 1915(b)(2), regardless of whether McFee succeeds in this appeal.

McFee has also filed a "Reconsidered Motion for Appointment of Counsel" (Dkt. No. 13) (Counsel Motion). It is unclear whether McFee meant to file this document with this Court or with the U.S. Court of Appeals for the Eighth Circuit—it is captioned to this Court and was apparently sent to this Court, but parts of the motion seem to address the Eighth Circuit itself.

To the extent the motion is directed to this Court, it is denied. As noted above, McFee has filed a notice of appeal in this action. Such a filing "is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the

district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also, e.g.*, *United States v. Webster*, 797 F.3d 531, 537 (8th Cir. 2015) (quoting *Griggs*). In the Court's view, whether McFee is represented by counsel on appeal is an "aspect[] of the case involved in the appeal," so this court lacks jurisdiction to appoint McFee counsel on appeal. *See, e.g.*, Order 1–2, *Williams v. Sessions*, No. 18-CV-2633 (DSD/SER) (D. Minn. Mar. 25, 2019) (finding that filing of notice of appeal divested district court of jurisdiction to consider motion for appointment of counsel); *Gould v. Bertie Cty.*, No. 5:14-CT-3066 (FL), 2015 WL 847396, at *2 (E.D.N.C. Feb. 26, 2015) (same); *Hawkins v. United States*, No. 05-CV-248 (WDS), 2011 WL 665475, at *1 (S.D. Ill. Feb. 14, 2011) (same); *Allen v. Howes*, No. 05-10304, 2009 WL 1033319, at *1 (E.D. Mich. Apr. 16, 2009) (same). The Court thus denies the Counsel Motion without prejudice and informs McFee that he may refile it with the Eighth Circuit.

Finally, although the Court remains satisfied that this action was properly dismissed, McFee's current appeal is not "frivolous" as the U.S. Supreme Court has defined the term. Accordingly, McFee's appeal is found to be taken in good faith for purposes of 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3), and the IFP Application will be granted subject to the requirements set forth above.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The initial partial filing fee for the appeal in this matter is calculated to be $43.82. That amount is due immediately.

2. Plaintiff Richard Angelo McFee must pay the unpaid balance—$461.18—of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where McFee is confined.

3. Subject to these requirements, McFee's application to proceed *in forma pauperis* on appeal (Dkt. No. 12) is GRANTED.

4. McFee's Reconsidered Motion for Appointment of Counsel (Dkt. No. 13) is DENIED without prejudice for lack of jurisdiction.

Dated: June 11, 2019

s/ Michael J. Davis
Michael J. Davis
United States District Court